IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOMAPS, LLC, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | 1:12-cv-01376-TWT |
| ) | |
| v. ) | |
| ) | |
| D-MAND BETTER PRODUCTS, LLC ) | |
| and DENNIS MAKOWSKI, ) | |
| ) | |
| Defendants and Third-Party Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| WAYNE F. ORR and BALLISTIC ) | |
| BLOCKS, LLC ) | |
| ) | |
| Third-Party Defendants ) | |

**AMENDED COMPLAINT**

COMES NOW Plaintiff Jomaps, LLC and hereby files this Amended Complaint against Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski. Jomaps amends its original Complaint, filed with the Court on April 20, 2012 (Docket No. 1) (the "Original Complaint") by replacing the entire Original Complaint with this Amended Complaint, as follows:

1.

Plaintiff Jomaps, LLC ("Jomaps") is a Georgia limited liability company with its

principal place of business in Alpharetta, Forsyth County, Georgia.

2.

Defendant D-Mand Better Products, LLC ("D-Mand") is a Georgia limited liability company with its principal place of business and registered office in Alpharetta, Forsyth County, Georgia. D-Mand may be served with process through its registered agent, Dennis Makowski, at 6885 Woodspring Way, Cumming, Forsyth County, Georgia 30040.

3.

Defendant Dennis Makowski ("Makowski") is a Georgia resident and may be served with process at his residence located at 6885 Woodspring Way, Cumming, Forsyth County, Georgia 30040.

4.

D-Mand and Makowski are subject to the jurisdiction of this Court pursuant to 15 U.S.C.A. §§ 1116, 1119, 1121 and 1125, and 28 U.S.C.A. § 1338. The Court has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C.A. §§ 1338 and 1367.

5.

The Court has personal jurisdiction over D-Mand because it is a resident of the Northern District of Georgia, with its principal place of business and its registered

agent in the Northern District of Georgia.

6.

The Court has personal jurisdiction over Makowski because he resides in the Northern District of Georgia.

7.

Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(b)(1) and (2) because D-Mand and Makowski reside in this judicial district, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

8.

Wayne Orr is the owner, sole member and managing member of Jomaps. Wayne Orr has been the owner, sole member and managing member of Jomaps since its organization. There are no other members, and have never been any other members, of Jomaps.

9.

At all times relevant hereto, Makowski was employed by Jomaps as a nonmember manager of Jomaps.

10.

Makowski is not, and has never been, an owner or member of Jomaps.

11.

Makowski formed D-Mand and, upon information and belief, Makowski is the owner and managing member of D-Mand.

## COUNT ONE – TRADEMARK INFRINGEMENT

12.

The preceding paragraphs are incorporated by reference as if set forth fully herein.

13.

On or about February 6, 1976, non-party Jomaps, Inc. properly registered the "M-1" trademark with the United States Patent and Trademark Office ("USPTO") with serial number 73076487 and registration number 1047436 (the "Mark"). Non-party Jomaps, Inc. properly renewed registration of the Mark as necessary.

14.

On or about September 1, 2006 and September 9, 2006, non-party Jomaps, Inc. assigned the entire ownership interest and goodwill of the Mark to non-party Orr Enterprises, LLC.

15.

On or about September 18, 2006, non-party Orr Enterprises, LLC assigned the entire ownership interest and goodwill of the Mark to Jomaps, which assignment was

subsequently recorded with the USPTO.

16.

Jomaps and the previous registered owners of the Mark consistently used the Mark in interstate commerce since the 1970s for a paint additive for the prevention of mildew. Jomaps used the Mark to identify its products and to distinguish those products from those made and sold by other parties by, among other things, prominently displaying the Mark on its products, its containers, and its displays associated with the products.

17.

Jomaps gave notice that the Mark was registered with the USPTO by displaying the Mark with the "®" symbol.

18.

Jomaps is the rightful owner of the Mark, has a protectable interest in the Mark, and has the exclusive right to use the Mark in commerce.

19.

On or about June 16, 2011, D-Mand and Makowski used false representations, false pretenses, and actual fraud to misappropriate and wrongfully assign the Mark from Jomaps to D-Mand, thereby wrongfully obtaining the ownership and goodwill of the Mark. This fraudulent assignment was recorded with the USPTO on or about June

16, 2011.

20.

D-Mand and Makowski have purposefully infringed on the Mark in interstate commerce through various acts, such as leading the public to believe it was the rightful owner of the Mark, offering for sale its products under the Mark, advertising its products in connection with the Mark, and using the Mark in connection with a paint additive for the prevention of mildew.

21.

The current use of the Mark by D-Mand and Makowski is without permission or authority by Jomaps.

22.

D-Mand and Makowski's infringing uses of the Mark have been committed with the intent to cause confusion in the marketplace and with the intent to deceive the public, so that D-Mand and Makowski could trade off the goodwill and reputation of the Mark and Jomaps. D-Mand and Makowski's infringing uses of the Mark have, in fact, created confusion in the marketplace and caused deception to the public and D-Mand and Makowski have, in fact, traded off the goodwill and reputation of the Mark and Jomaps.

23.

Upon learning of the fraudulent assignment of the Mark and D-Mand and Makowski's infringing use of the Mark, Jomaps notified D-Mand and Makowski of Jomaps' status as rightful owner of the Mark and Jomaps' rightful registration of the Mark, demanded D-Mand and Makowski return ownership of the Mark to Jomaps through cancellation and rescission of the fraudulent assignment of the Mark from Jomaps to D-Mand, and demanded that D-Mand and Makowski cease and desist their infringing activities in connection with the Mark.

24.

Despite Jomaps' demand, D-Mand and Makowski have refused to cease and desist their infringing activities and have refused to cancel and rescind the fraudulent assignment of the Mark from Jomaps to D-Mand.

25.

Unless injunctive relief is granted pursuant to 15 U.S.C.A. § 1116 and Federal Rules of Civil Procedure Rule 65, D-Mand and Makowski will cause Jomaps irreparable harm for which there exists no adequate remedy at law.

26.

Pursuant to 15 U.S.C.A. § 1117, Jomaps is entitled to recover damages proximately caused by D-Mand and Makowski's improper conduct in an amount to be

proven at trial.

27.

Pursuant to 15 U.S.C.A. § 1117, Jomaps is entitled to recover additional damages and attorney's fees due to D-Mand and Makowski's improper conduct in an amount to be proven at trial.

28.

Pursuant to 15 U.S.C.A. § 1119, Jomaps is entitled to an order from this Court directing the USPTO to cancel and rescind the fraudulent assignment of the Mark from Jomaps to D-Mand.

**COUNT TWO – GEORGIA UNIFORM
DECEPTIVE TRADE PRACTICES ACTS**

29.

The preceding paragraphs are incorporated by reference as if set forth fully herein.

30.

D-Mand and Makowski's unauthorized use of the Mark in the course of their business: (a) allowed D-Mand and Makowski to pass off their products as those of Jomaps, (b) caused the likelihood of confusion and misunderstanding as to the source, sponsorship, and approval of D-Mand and Makowski's products, (c) caused the

likelihood of confusion and misunderstanding as to the affiliation, connection, or association of D-Mand and Makowski with Jomaps, Jomaps' products, and the Mark, and (d) created the likelihood of confusion or misunderstanding in the public, thereby constituting deceptive trade practices.

31.

Jomaps is likely to be damaged, and has been damaged, by D-Mand and Makowski's deceptive trade practices.

32.

As such, pursuant to O.C.G.A. § 10-1-373, Jomaps is entitled to injunctive relief to prevent D-Mand and Makowski's deceptive trade practices.

33.

Pursuant to O.C.G.A. § 10-1-373, Jomaps is entitled to recover the costs associated with this action from D-Mand and Makowski.

34.

D-Mand and Makowski willfully engaged in the above-described deceptive trade practices with knowledge that the trade practices were deceptive; therefore, pursuant to O.C.G.A. § 10-1-373, Jomaps is entitled to recover attorney's fees from D-Mand and Makowski.

## COUNT THREE – CONVERSION

35.

The preceding paragraphs are incorporated by reference as if set forth fully herein.

36.

In January of 2012, Makowski used false representations, false pretenses, and actual fraud to misappropriate and wrongfully transfer Jomaps' UPC Codes associated the Mark to D-Mand (the "UPC Codes"), thereby wrongfully obtaining the registration and ownership of the UPC Codes.

37.

Ownership of the Mark and the UPC Codes is rightfully vested in Jomaps and Jomaps is entitled to immediate possession and control over the Mark and the UPC Codes.

38.

D-Mand and Makowski are exercising unauthorized possession and control of the Mark and the UPC Codes to the exclusion of Jomaps' rightful ownership, possession and control.

39.

Jomaps has made demand to D-Mand and Makowski for return of the Mark and

the UPC Codes.

40.

D-Mand and Makowski have refused to return the Mark and the UPC Codes.

41.

As such, D-Mand and Makowski have converted the Mark and the UPC Codes from Jomaps, and Jomaps is entitled to immediate return of the Mark and the UPC Codes.

42.

Jomaps is also entitled to damages proximately caused by D-Mand and Makowski's conversion.

43.

In addition, Jomaps is entitled to recover punitive damages from D-Mand and Makowski for their conversion.

**COUNT FOUR – BREACH OF FIDUCIARY DUTY**

44.

The preceding paragraphs are incorporated by reference as if set forth fully herein.

45.

As a non-member manager of Plaintiff, Makowski owed fiduciary duties to

Plaintiff.

46.

Makowski's fiduciary duties to Plaintiff included a duty of loyalty, good faith, and fair dealing towards Plaintiff.

47.

Makowski breached his fiduciary duties to Plaintiff by misappropriating the Mark for the use of D-Mand, which is wholly owned by Makowski. Makowski further breached his fiduciary duties to Plaintiff by misappropriating the UPC Codes for the use of D-Mand, which is wholly owned by Makowski.

48.

Plaintiff has been damaged as a proximate result of Makowski's breach of the fiduciary duties owed to Plaintiff.

49.

Makowski is liable to Plaintiff for damages as a result of his breach of fiduciary duties in an amount to be proven at trial.

50.

In addition, Plaintiff is entitled to recover punitive damages from Makowski for his breach of fiduciary duties.

## COUNT FIVE – PUNITIVE DAMAGES

51.

The preceding paragraphs are incorporated by reference as if set forth fully herein.

52.

D-Mand and Makowski's acts and omissions, as described above, show willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care that raises the presumption of conscious indifference to the consequences of their actions.

53.

As such, pursuant to O.C.G.A. § 51-12-5.1, Jomaps is entitled to recover punitive damages from D-Mand and Makowski.

## COUNT SIX – EXPENSES OF LITIGATION AND ATTORNEY'S FEES

54.

The preceding paragraphs are incorporated by reference as if set forth fully herein.

55.

D-Mand and Makowski have acted in bad faith, have been stubbornly litigious, and have caused Jomaps unnecessary trouble and expense; therefore, pursuant to O.C.G.A. § 13-6-11, D-Mand and Makowski are liable to Jomaps for expenses of

litigation, including attorney's fees.

WHEREFORE Plaintiff Jomaps, LLC prays:

(a) That process issue and Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski be served;

(b) That the Court grant injunctive relief pursuant to 15 U.S.C.A. § 1116 and Federal Rules of Civil Procedure Rule 65, enjoining Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski, and their agents, servants and employees, from directly or indirectly using the Mark, from manufacturing products using the formula for a paint additive to prevent mildew associated with the Mark, and from selling or advertising products bearing the Mark;

(c) That Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski be required to account to Plaintiff Jomaps, LLC for any and all profits derived by Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski through use of the Mark and the sale of products bearing the Mark;

(d) That the Court enter an award against Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski and in favor of Plaintiff Jomaps, LLC for the damages proximately caused by Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski's infringement on the Mark in an amount to be proven at trial, pursuant to 15 U.S.C.A. § 1117;

(e) That the Court enter an award against Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski and in favor of Plaintiff Jomaps, LLC for additional damages and attorney's fees in an amount to be proven at trial, pursuant to 15 U.S.C.A. § 1117;

(f) That the Court enter an order cancelling and rescinding the fraudulent assignment of the Mark from Plaintiff Jomaps, LLC to Defendant D-Mand Better Products, LLC, pursuant to 15 U.S.C.A. § 1119;

(g) That the Court grant injunctive relief pursuant to O.C.G.A. § 10-1-373, enjoining Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski from conducting or pursuing any further deceptive trade practices in connection with the Mark or products bearing the Mark;

(h) That the Court enter an award against Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski and in favor of Plaintiff Jomaps, LLC for costs associated with this action and attorneys' fees in an amount to be proven at trial, pursuant to O.C.G.A. § 10-1-373;

(i) That the Court enter an award against Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski and in favor of Plaintiff Jomaps, LLC for damages, including punitive damages, as a result of Defendant D-Mand Better Products, LLC and Defendant Dennis Makowski's conversion of the Mark and

the UPC Codes in an amount to be proven at trial;

(j) That the Court use its equitable power to order Defendant Dennis Makowski and Defendant D-Mand Better Products, LLC return the UPC Codes to Plaintiff Jomaps, LLC;

(k) That the Court enter an award against Defendant Dennis Makowski and in favor of Plaintiff Jomaps, LLC for damages, including punitive damages, as a result of Defendant Dennis Makowski's breach of fiduciary duty, in an amount to be proven at trial;

(l) That the Court enter an award against Defendant Dennis Makowski and Defendant D-Mand Better Products, LLC in favor of Plaintiff Jomaps, LLC for punitive damages in an amount to be proven at trial, pursuant to O.C.G.A. § 51-12-5.1;

(m) That the Court enter an award against Defendant Dennis Makowski and Defendant D-Mand Better Products, LLC in favor of Plaintiff Jomaps, LLC under Count Five for expenses of litigation, including attorney's fees, in an amount to be proven at trial, pursuant to O.C.G.A. § 13-6-11;

(n) That costs of this action be assessed against Defendant Dennis Makowski and Defendant D-Mand Better Products, LLC; and

(o) For all other and further relief the Court deems just and proper.

-17-

Respectfully submitted this 17th of July, 2012.

/s/ John D. Hipes
JOHN D. HIPES
Georgia State Bar No. 100585
jhipes@bdhlawfirm.com

/s/ Alan D. Ness
ALAN D. NESS
Georgia State Bar No. 557530
adness@bdhlawfirm.com
Attorneys for Jomaps, LLC

BACH, DEWBERRY & HIPES, LLC
Suite 150, Brookside Two
3655 Brookside Parkway
Alpharetta, GA  30022
Tel: (770) 664-4087
Fax: (770)664-4089